UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILZAYLAN BRITO SOLIS,**

    **Plaintiff,**

v.                                                      Case No: 5:23-cv-208-JSM-PRL

**AMERICAN EXPRESS NATIONAL BANK, CAPITAL ONE, N.A., CITIBANK, N.A., DISCOVER FINANCIAL SERVICES INC., LVNV FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC., RESURGENT CAPITAL SERVICES, L.P., SYNCHRONY BANK, TD BANK USA, N.A., UPLIFT LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CREDIT CONTROL LLC, RADIUS GLOBAL SOLUTIONS LLC and SOURCE RECEIVABLES MANAGEMENT, LLC,**

    **Defendants.**

## ORDER

Before the Court, upon referral, in this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, is the plaintiff's motion for leave to correct service on Defendant Uplift, Inc., and to dismiss Uplift, LLC, as a Defendant. (Doc. 33).

On April 7, 2023, Plaintiff effectuated service on Uplift, LLC, a named Defendant in the complaint. (Doc. 30). Consistent with allegations in the complaint, Uplift, LLC, was served at its registered agent's address for service in Florida, "Cameron Brown, located at 28641 Tanner Dr., Wesley Chapel, FL 33543." (Doc. 1 at 1, 2, 7, ¶ 33; Doc. 30). However,

according to the instant motion Uplift, LLC, was served because of an "administrative mistake," is unrelated to this action, and should be dismissed. (Doc. 33 at 1).

First, to the extent that Plaintiff moves to dismiss Uplift, LLC, as a Defendant, the motion is treated as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 that is effective upon filing. *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021), *cert. denied*, 212 L. Ed. 2d 402, 142 S. Ct. 1413 (2022) ("a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) 'is effective immediately upon [ ] filing,' and thus no further court order is necessary to effectuate the dismissal.") (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990)). Under Rule 41(a)(1)(A)(i), when, as here, none of the defendants have served their answer or moved for summary judgment, the plaintiff may dismiss the action without a court order. Fed. R. Civ. P. 41(a)(1)(A)(i) ("the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023) (noting that Federal Rule of Civil Procedure 41 "allow[s] plaintiffs to voluntarily dismiss less than the entire action so long as they dismiss a defendant in its entirety (i.e., they dismiss all of the claims brought against that defendant)") (citations omitted).

Accordingly, the Court acknowledges that Defendant, Uplift, LLC, has been voluntarily dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

Second, to the extent that the motion requests that the Court allow Plaintiff to correct service on Uplift, Inc., the Court is unable to do so, as the complaint plainly names Uplift, LLC, as Defendant, even providing its address for service. (Doc. 1 at ¶ 33; Doc. 33 at 1). Instead, Plaintiff should file an amended complaint that properly names Uplift, Inc., as the

defendant. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it"). Accordingly, to the extent Plaintiff requests to substitute service on Uplift, Inc., the motion is **denied**, and Plaintiff may file an amended complaint properly naming Uplift, Inc., as the defendant, by or before **April 28, 2023.**

**DONE** and **ORDERED** in Ocala, Florida on April 20, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy