UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILZAYLAN BRITO SOLIS,**

    Plaintiff,

v.                                                    Case No: 5:23-cv-208-JSM-PRL

**AMERICAN EXPRESS NATIONAL BANK, CAPITAL ONE, N.A., CITIBANK, N.A., LVNV FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC., RESURGENT CAPITAL SERVICES, L.P., SYNCHRONY BANK, TD BANK USA, N.A., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CREDIT CONTROL LLC, RADIUS GLOBAL SOLUTIONS LLC, SOURCE RECEIVABLES MANAGEMENT, LLC and DISCOVER BANK,**

    Defendants.

## ORDER

Before the Court, upon referral, is Defendant Synchrony Bank's ("Synchrony") opposed motion to vacate entry of the Clerk's default. (Doc. 144). Under Federal Rule of Civil Procedure 55(c), Synchrony asks the Court to set aside the default entered by the Clerk in this case on June 8, 2023. (Doc. 134). Because there is good cause to set aside the entry of default, the motion is granted.

Under Rule 55(c) "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The good cause standard under Rule 55(c) is liberal and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* at 951. Here, Plaintiff contends that the default was willful, given that despite failing to file a response, Synchrony's counsel requested a "21-day extension." (Doc. 154-2 at 3). However, based on the emails provided by Plaintiff and Synchrony's motion, it does appear that Synchrony's failure to respond to the complaint was the result of a miscommunication. *Id.*; (Doc. 144 at 3). Specifically, it appears that Synchrony's counsel may have believed that their email and Plaintiff's counsel's response was sufficient to execute a waiver under Rule 4(d). Fed. R. Civ. P. 4(d); (Doc. 154-2 at 3) (stating "[w]ould you be in agreement if we waive service to allow 60 days to answer the amended complaint.").

As to Plaintiff's allegations regarding the propriety of CT Corporation rejecting service of the initial complaint, it is unclear whether there was a willful action here on the part of Synchrony. Likewise, it is unclear that Synchrony's failure to answer is a "litigation strategy" or that there is an issue with Synchrony needing to conduct additional investigations. (Doc. 154 at 7–8). Given that it appears Synchrony's failure to answer was the result of a mistake, there is good cause to set aside the entry of default.

- 3 -

Accordingly, Synchrony's motion to set aside default (Doc. 144), is **GRANTED**.

**DONE** and **ORDERED** in Ocala, Florida on July 7, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties