UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILZAYLAN BRITO SOLIS,**

    Plaintiff,

v.                                              Case No: 5:23-cv-208-JSM-PRL

**AMERICAN EXPRESS NATIONAL BANK, CAPITAL ONE, N.A., LVNV FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC., RESURGENT CAPITAL SERVICES, L.P., SYNCHRONY BANK, TD BANK USA, N.A., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CREDIT CONTROL LLC, RADIUS GLOBAL SOLUTIONS LLC, SOURCE RECEIVABLES MANAGEMENT, LLC and DISCOVER BANK,**

    **Defendants.**

_____

## ORDER

Before the Court, upon referral, is Defendant American Express National Bank's ("American Express") opposed motion to vacate entry of the Clerk's default. (Doc. 191). Under Federal Rule of Civil Procedure 55(c), American Express asks the Court to set aside the default entered by the Clerk in this case on June 8, 2023. (Doc. 133). Because there is good cause to set aside the entry of default, the motion is granted.

Under Rule 55(c) "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The good cause standard under Rule 55(c) is liberal and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default

judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* at 951.

Here, Plaintiff contends that American Express's default was culpable because it became aware that it had mishandled the summons in this case on August 14, 2023, but did not file the instant motion until November 6, 2023. (Doc. 194 at 1–2). However, according to American Express, this delay was due to unsuccessful efforts to confer with Plaintiff's counsel to resolve this matter informally. (Doc. 191 at 7). Moreover, the delay does not indicate culpability, as American Express's counsel states that he began preparing the instant motion after an unsuccessful conferral with Plaintiff's counsel October 4, 2023. (Doc. 191 at 7).

Further, Plaintiff contends that the default was willful because the summons American Express received at the same time as the instant was only similar in the last name of the plaintiff—Solis—and was from California state court, which is distinguishable from the Middle District of Florida. (Doc. 194 at 3–4). However, as American Express's Vice President and Senior Litigation Counsel avers in his declaration, there was "nearly simultaneous service of process relating to two matters in which [P]laintiffs had the same last name" thus causing an "inadvertent error" in litigation processing. (Doc. 191-1 at ¶ 7). Hence, it does not appear that the default is willful.

Additionally, to the extent Plaintiff argues that American Express fails to present meritorious defenses, it appears that this argument is without merit. (Doc. 194 at 5). For example, Plaintiff argues that American Express's proposed defense that Plaintiff is bound to

arbitrate with it is unmeritorious because American Express does not attach the arbitration agreement to its motion to set aside (and because Plaintiff "did not open an account with American Express or have any other business with" it). (Doc. 194 at 5). However, Plaintiff does not cite any case law providing that the Court must review and find an arbitration agreement is applicable when deciding a motion to set aside the Clerk's default. Instead, under the liberal standard of Rule 55(c), it seems sufficient that American Express has raised several defenses cursorily, including arbitration. *Gerstenhaber v. Matherne Holdings, Inc.*, No. 18-61213-CIV, 2018 WL 6261848, at *2 (S.D. Fla. Nov. 6, 2018) (granting motion to set aside entry of default and final default judgment where defendant "set forth various affirmative defenses . . . . [including] that Plaintiff's claims are subject to an arbitration clause") (first citing *United States v. Varmado*, 342 F. App'x 437, 441 (11th Cir. 2009); then citing *Suntrust Bank v. Armsey*, No. 09–80606–CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010)).

Finally, Plaintiff has not explained how setting aside the Clerk's default would prejudice him. It does not appear that prejudice under Rule 55(c) would result to Plaintiff, particularly given that as recently as October 2, 2023, other Defendants in this action were filing answers to Plaintiff's second amended complaint. Thus, there is good cause to set aside the entry of default against American Express.

Accordingly, American Express's motion to set aside default (Doc. 191), is **GRANTED**.

**DONE** and **ORDERED** in Ocala, Florida on November 29, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties